## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSE GIMINEZ,

  Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC and
K.B.R. of California, Inc. d/b/a RASH
CURTIS & ASSOCIATES,

  Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE GIMINEZ (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC (hereafter "Experian"), and K.B.R. OF CALIFORNIA, INC. d/b/a RASH CURTIS & ASSOCIATES (hereafter "Rash Curtis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    The Plaintiff is a natural person and resident of Sandford, Seminole County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.    Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian transacts business within this District.

9.    Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

10.    Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).  is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Upon information and belief, Experian disburse such consumer reports to third parties under contract for monetary compensation.

12.    Rash Curtis' principal place of business is located at 190 South Orchard Avenue, Vacaville, California 95688.

13.    Rash Curtis is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

14.    Rash Curtis is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

15.     Rash Curtis is a corporation attempting to collect an alleged obligation, which arises out of personal, family or household transactions.

16.     Rash Curtis is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person who is alleged to owe multiple debts for medical services he never received. This includes alleged debts to be owed to Rash Curtis.

18.     Plaintiff is the victim of serious identity theft. On June 8, 2020, Plaintiff filed for an Identity Theft Affidavit with the IRS CMB Number 1545-2139.

19.     On or about September 2020 Plaintiff called Experian to dispute multiple accounts on his Experian Credit Report. He explained in detail which accounts did not belong to him.  He indicated that he never resided nor visited Nevada, California, and Indiana where the debts originated from.

20.     Upon information and belief, Experian communicated to Rash Curtis the nature of the disputes.  Rash Curtis failed to conduct a reasonable investigation and failed to correct the fraudulent accounts.   Experian failed to conduct any independent investigation.

21.     In response to the phone call dispute, Plaintiff received dispute result (Report Number 2409-5470-18) dated September 16, 2020. Experian responded to Plaintiff's phone call dispute verifying the accounts as follows:

4

    i.    Rash Curtis 10311760003129590 obo Barton Health- UPDATED
   ii.    Rash Curtis 11081760003045749 obo Barton Health- UPDATED
  iii.    Rash Curtis 3171760002958233 obo Barton Health- UPDATED
  iv.    Rash Curtis 7151860003492019 obo Barton Health- UPDATED

22.    On October 16, 2020, Plaintiff obtained his Experian Credit Report (report number 0132-4240-39). Upon Plaintiff's review of his credit report, Plaintiff saw, in addition to the previously disputed collection accounts, there were addresses, names, a social security number that were not his.

23.    As a result of the inaccuracies on his Experian Credit Report, on November 3, 2020, Plaintiff mailed a detailed written dispute letter to Experian concerning the inaccurate reporting. Plaintiff explained that he has never resided nor visited Nevada, California, and/or Indiana where the debts originated from. Further supplemental information, including an image of police report Plaintiff filed on October 5, 2020, was included. Plaintiff provided an image of his driver's license and copy of his social security card to confirm his identity. In the aforementioned letter Plaintiff disputed the incorrect personal identifying information. Plaintiff also disputed the following erroneous accounts:

    i.    K, B, R. Inc obo Barton Health Hb xxxxxxxxxxx 2019
   ii.    K, B, R. Inc obo Barton Health Hb xxxxxxxxxxx 9590
  iii.    K, B, R. Inc obo Barton Health Hb xxxxxxxxxxx 5749
  iv.    K, B, R. Inc obo Barton Health Hb xxxxxxxxxxx 8233
   v.    K, B, R. INC obo Barton Health Hb xxxxxxxxxxx 6426
  vi.    K, B, R. INC obo Barton Health Hb xxxxxxxxxxx 5752

24.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7016 2070 0000 0223 3270. USPS confirmed delivery to Experian

on November 6, 2020. Experian failed to respond to Plaintiff's dispute despite confirmation by USPS of delivery.

25.    Upon information and belief, Experian sent the dispute to Rash Curtis through an ACDV.

26.    On March 23, 2021, furious with the lack of response, Plaintiff mailed another almost identical dispute letter to Experian via certified mail identifying the erroneous personal information and accounts still being reported on his credit. Again, Plaintiff disputed the following accounts:

     i.     K, B, R. Inc obo Barton Health Hb xxxxxxxxxxxx 2019
    ii.     K, B, R. Inc obo Barton Health Hb xxxxxxxxxxxx 9590
   iii.     K, B, R. Inc obo Barton Health Hb xxxxxxxxxxxx 5749
   iv.     K, B, R. Inc obo Barton Health Hb xxxxxxxxxxxx 8233
    v.     K, B, R. INC obo Barton Health Hb xxxxxxxxxxxx 6426
   vi.     K, B, R. INC obo Barton Health Hb xxxxxxxxxxxx 5752

27.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7016 2070 0000 0223 7827. USPS confirmed delivery to Experian on March 26, 2021. Experian <u>again</u> failed to respond to Plaintiff's dispute despite confirmation by USPS of delivery.

28.    Again, upon information and belief, Experian sent the dispute to Rash Curtis through an ACDV. Experian kept the erroneous accounts on Plaintiff's credit report despite being notified that the accounts did not belong to Plaintiff.

29.    On April 21, 2021, in the anticipation of waiting for the dispute result, Plaintiff obtained his Experian Credit Report, report number 2972-7375

30.    Upon Plaintiff's review, there remained five (5) erroneous accounts that did not belong to him:

    i.    Rush Curtis & Assoc 103117*** obo Barton Health
    ii.    Rush Curtis & Assoc 110817*** obo Barton Health
    iii.    Rush Curtis & Assoc 317176*** obo Barton Health
    iv.    Rush Curtis & Assoc 715186*** obo Barton Health

31.    On May 28, 2021, again furious with the lack of response, Plaintiff mailed another almost identical dispute letter to Experian via certified mail identifying the erroneous personal information and accounts still being reported on his credit. Again, Plaintiff disputed the following accounts:

    i.    Rush Curtis & Assoc 103117*** obo Barton Health
    ii.    Rush Curtis & Assoc 110817*** obo Barton Health
    iii.    Rush Curtis & Assoc 317176*** obo Barton Health
    iv.    Rush Curtis & Assoc 715186*** obo Barton Health

32.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7020 1290 0001 5266 5647. USPS confirmed delivery to Experian on June 1, 2021. Experian again failed to respond to Plaintiff's dispute despite confirmation by USPS of delivery.

33.    Due to the lack of response, on August 16, 2021, obtained his Experian Credit report (Report Number 1510-7644-22). Plaintiff devastated that after all the efforts in communicating with Experian the following disputed accounts are still listed on his credit report:

    i.    Rush Curtis & Assoc 103117*** obo Barton Health
    ii.    Rush Curtis & Assoc 110817*** obo Barton Health
    iii.    Rush Curtis & Assoc 317176*** obo Barton Health
    iv.    Rush Curtis & Assoc 715186*** obo Barton Health

34.    As of filing of this complaint, Experian has not responded to Plaintiff's latest dispute letter despite the letter being sent via certified USPS mail.

35.    To date, Experian has failed to report the proper information Plaintiff's credit report despite having been given ample notice of its errors.

36.    Experian has been aware of the Plaintiff being a victim of identity theft and has chosen not to believe the Plaintiff regarding the fraudulent accounts.

37.    As of the filing of this Complaint, no one from Experian has attempted to contact Plaintiff to further investigate the dispute. Experian ignored several disputes and allowed the exact same debt collection for Barton Health to be present in Plaintiff's report.   KBR Inc. dba Rush Curtis & Association continuously reported the fraudulent account to the three CRAs.

38.    The Rash Curtis accounts was the results of negligent or willful mishandling by Rash Curtis, and failure by Experian to investigate all the facts which the Plaintiff explained in the dispute letters.

39.    Experian failed to independently conduct any investigation. Upon information and belief, Experian notified Rash Curtis of Plaintiff's dispute of the account, but clearly failed to do any independent investigation.

40.    Rash Curtis refused to acknowledge that the account did not belong to the Plaintiff and to correct the erroneous information.

41.     Rash Curtis knew or should have known throughout the life of the account that Plaintiff was not the actual debtor yet continued to verify to Experian.

42.     Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed these fraudulent accounts.

43.     Plaintiff has struggled to obtain credit and has been denied credit specifically on Experian's failures to conduct reasonable investigations.

44.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages including, but not limited to:

     a.  Monies lost by attempting to fix his credit;

     b.  Loss of time attempting to cure the errors;

     c.  Mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;

     d.  Reduction in credit score;

     e.  Apprehensiveness to apply for credit due to the fear of rejection.

45.     All conditions precent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA- As to Experian)

46.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-five (45) above as is fully stated herein.

47.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

48.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

49.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting.  Experian failed to further investigate to claims.  Experian failed to respond to several disputes despite receiving the disputes through USPS certified mail.

50.     Experian failed to have policies and procedures to investigate the relationship of deleted addresses with disputed accounts and merely parrots back the electronic communication from the furnishers.

51.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, and EXPERIAN INFORMATION

SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA As to Experian)

52.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-five (45) above as is fully stated herein.

53.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is not always reliable.

54.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.   Plaintiff has purposely refrained from applying for more credit because of the erroneous reporting by Experian. Experian was made aware of the dispute about the erroneous reporting about the K,B,R, Inc, National Business Factor, Grant & Weber Inc., and Rush

Curtis & Associates and refused to remove them. More egregious was Experian's failure to respond to Plaintiff's disputes on several occasions.

55.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

56.     The Plaintiff is entitled to recover costs and attorney's fees Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

        **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### (Violation of the FCRA As to K.B.R. Of California, Inc. D/B/A
### Rash Curtis & Associates)

57.     Plaintiff re-alleges and full incorporates paragraphs one (1) through forty-five (45) above as in fully stated herein.

58.     Rash Curtis published the Rash Curtis representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

59.     Rash Curtis violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Rash Curtis' representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Rash Curtis representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Rash Curtis to have identified that Plaintiff never applied for this account. Since late 2020, Rash Curtis was aware that these were fraudulent accounts yet continued to report to Experian. Rash Curtis must have failed to communicate directly with Barton Health since Barton Health had all the relevant information to determine the account was fraudulent.

60.     Rash Curtis violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Rash Curtis had been notified that the information was inaccurate. Rash Curtis has been aware of Plaintiff's disputes for several months but continued to erroneously report.

61.     Rash Curtis violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that Rash Curtis knew was inaccurate.

62.     Rash Curtis did not have any reasonable basis to believe that the Plaintiff was responsible for the accounts reported in the Rash Curtis representation. It also had substantial evidence by which to have verified that the

Plaintiff was not the responsible party. Rash Curtis knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Rash Curtis would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

63.     As a result of this conduct, action and inaction, Rash Curtis, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

64.     Rash Curtis' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, K.B.R. OF CALIFORNIA, INC. d/b/a RASH CURTIS & ASSOCIATES, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620

14

Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
TGomez@ForThePeople.com
Lsommers@ForThePeople.com
*Attorney for Plaintiff*